Thomas **DEMIRS**, Plaintiff,

v.

**PLEXICRAFT, INC., et al., Defendants.**

**Civ. A. No. 90–309P.**

United States District Court,
D. Rhode Island.

Oct. 16, 1990.

Addendum Jan. 7, 1991.

mirs, a Rhode Island resident, for breach of contract and constructive trust based on the defendants alleged failure to meet their obligations under an employment contract. The defendant corporation is organized under the laws of California. During the relevant time period, defendant William Recht was initially a New York resident, later he became a New Jersey resident. At all relevant times, defendant Kristof Somhegyi was a resident of California.

The contract at issue in this case allegedly included an agreement by the defendant corporation to transfer 10% of the company's stock to the plaintiff. Demirs was employed by Plexicraft, Inc., now Futura, Inc., for over twenty years when defendants Recht and Somhegyi, sole stockholders of Plexicraft and CEO and President, respectively, caused Plexicraft to sell all of its assets, with the exception of realty, to Graphco Controls, Inc. The plaintiff contends that had the stock transfer taken place, he would have received 10% of the proceeds of the sale and would have a present interest in the corporate realty. Plaintiff further contends that during the course of his employment, Recht and Somhegyi reaffirmed their promise to make the stock transfer and that based on these assurances, he forfeited other employment opportunities and a pension plan.

Defendants now bring this motion to dismiss for lack of personal jurisdiction under F.R.C.P. 12(b)(2). The defendants all contend that they have not engaged in any meaningful activity in Rhode Island and have no legally significant contacts with the state that would subject them to this Court's jurisdiction.

In a diversity action, the law of the forum governs the question whether the defendant is properly subject to the jurisdiction of this Court. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir.1983). Because the Rhode Island longarm statute permits jurisdiction to the fullest extent permitted by the federal constitution, R.I. G.L. § 9–5–33; *see Roger Williams General Hospital v. Fall River Trust Co.*, 423 A.2d 1384 (R.I.1981), the inquiry turns on whether the defendant has sufficient mini-

Gary Berkowitz, Pawtucket, R.I., Thomas Pearlman, Providence, R.I., for plaintiff.

William P. Robinson, III, Edwards & Angell, Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

This is a diversity action under 28 U.S.C. § 1332(a) brought by plaintiff, Thomas De-

mum contacts with the forum state to ensure that compelling them to defend a lawsuit here "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In making this determination, "a court properly focuses on 'the relationship among the defendant, the forum and the litigation'" *Calder v. Jones,* 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984) (citations omitted) and considers whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court" in the forum. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

◼ When jurisdiction is contested, the plaintiff must make a prima facie showing of jurisdiction. *Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979 (1st Cir.1986). Such a showing should include specific facts alleged in pleadings, affidavits and exhibits. *See id.* If there is a dispute about the jurisdictional facts, the plaintiff will have to establish them by a preponderance of evidence at a preliminary hearing. *Id.* at 979, n. 1, *Flynt Dist. Co., Inc. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir.1984). Moreover, "[e]ach defendant's contacts with the forum must be assessed individually." *Calder,* 465 U.S. at 790, 104 S.Ct. at 1487. Because I find that the plaintiff has made a prima facie case with regard to jurisdiction over the corporate defendant, but not the individual defendants, I will address each of the defendants separately.

A. *Plexicraft Corporation, now Futura Corporation*

◼ In assessing the relationship among the defendant, the forum and the litigation, *Calder,* 465 U.S. at 788, 104 S.Ct. at 1486, the court must decide if there is specific or general jurisdiction. There may be specific jurisdiction when the cause of action arises out of the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). When the cause of action is not related to the defendant's instate activities, the question is one of general jurisdiction. *Id.* at n. 9. "When a cause of action arises from the defendant's contacts with the forum [specific jurisdiction], less is required to support jurisdiction than when the cause of action is unrelated to those contacts [general jurisdiction]." *Vencedor Mfg. Co. v. Gougler Industries, Inc.,* 557 F.2d 886, 889 (1st Cir.1977). In the instant case, jurisdiction over the defendant corporation is of the former type; the cause of action arises from a breach of an employment contract with a Rhode Island resident and the defendant's contacts with Rhode Island arise from that contract.

The defendant corporation contends, and it is not disputed, that it was at all relevant times a California corporation and that when the plaintiff was hired, he did not live or work in Rhode Island. When the defendant was hired, he was provided office space in New York. Later, when Plexicraft planned to move plaintiff Demirs' office to New Jersey, he asked to work out of his home in Rhode Island, where he planned to move.

The corporation does not dispute that Mr. Demirs worked for it out of his home in Westerly, Rhode Island, in a self-contained office suite, for approximately twenty years. Plaintiff has submitted affidavits and documentation indicating that the defendant corporation paid rent to Mr. Demirs, as Brewster Corporation, for the office space; that the corporation maintained telephone service in the Rhode Island office, used that Rhode Island phone number on its letterhead and that the corporation paid secretaries who worked for Mr. Demirs in Westerly. Based on yearly compensation agreements, the corporation paid Demirs on a commission against draw basis. There is also evidence that the corporation shipped packages to the plaintiff in Westerly, that the individual defendants, acting in their corporate capacities, called the plaintiff in Rhode Island and even visited the office there. The plaintiff and the defendant do not agree as to whether the corporation had any clients in Rhode Island, however, the defendant does state

that when Demirs was hired as its General Sales Manager, "[i]t was agreed that his sales territory would include all states, with the exception of California."

In *Dynamic Concepts, Inc. v. Modern Chain Mfg. Co.*, 610 F.Supp. 285, 287 (D.R.I.1985), this Court stated that "entering into a contract with a resident of a forum state could not *alone* subject a nonresident to jurisdiction;" the Court must look to the "future consequences" which are the real "object of the business transaction[s]", the "terms of the contract" and the "actual course of dealings". *Id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 479, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985)). Such consequences would include a structured relationship where a corporation is "obligated to remit regular commission payments to the forum" or where a "consistent course of communications" as to "sales and orders" is contemplated. *Dynamic Concepts*, 610 F.Supp. at 288. Moreover, by engaging an agent in the forum state, a defendant chooses to avail itself of "conducting activities *through and in concert with [a] plaintiff*" in the forum state. *Id.* (citations omitted).

In the instant case, the defendant corporation has been involved in a continuing relationship with the plaintiff. The plaintiff was hired by defendant as its General Sales Manager in 1968. A year later, the defendant corporation allowed the defendant to set up an office in his home in Westerly, Rhode Island. From that office, the plaintiff conducted business for the corporation for approximately twenty years. Plaintiff received payments for his work and the corporation communicated with him in Rhode Island. The corporation paid Mr. Demirs' secretaries. The defendant corporation contends that allowing plaintiff to work from his home in Rhode Island was a mere accommodation and that the corporation never purposefully reached out to Rhode Island. The "purposeful availment" requirement of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), however, merely ensures that:

> a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous,' or 'attenuated' contacts....

> Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State. Thus, where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. *Burger King*, 471 U.S. at 475–76, 105 S.Ct. at 2183–84 (citations omitted).

Due to defendant corporation's continued acquiescence in and support of the Rhode Island office arrangement and the benefits it received from its association with the plaintiff in Rhode Island for over twenty years, I find that it does not offend due process for the defendant corporation to be subject to litigation in this forum. *See International Shoe*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), *Lane Ltd. v. Larus & Brother Co.*, 140 F.Supp. 466, 466–67 (S.D.N.Y.1956) (under *International Shoe* doctrine the court found jurisdiction based on, *inter alia*, fact that defendant employed a sales manager in New York, reimbursed him for rent, paid his salary, paid a secretary, reimbursed him for telephone and automobile expenses).

> [T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.... [when the activities] were neither irregular nor casual ... [but] systematic and continuous throughout the years in question. *Inter-*

*national Shoe*, 326 U.S. at 319–20, 66 S.Ct. at 159–160.

■ This Court notes that although 'minimum contacts' has become the touchstone of *in personam* jurisdiction, presence of a defendant in the jurisdiction is still to be considered. *See Burnham v. Superior Court of California,* —— U.S. ——, 110 S.Ct. 2105, 2115, 109 L.Ed.2d 631 (1990).[1] To the extent that the corporate defendant paid rent and thereby leased office space from the plaintiff, I find that the defendant established a physical presence within Rhode Island which adds support to the already strong case for jurisdiction in this forum. *See Ealing*, 790 F.2d at 979 (noting that Harrod's had not "registered to do business in Massachusetts, nor has it ever.... leased any property" in the forum), *Loria & Weinhaus, Inc. v. H.R. Kaminsky & Sons, Inc.,* 495 F.Supp. 253, 257 (S.D.N.Y.1980) (plaintiff presented no evidence that defendant paid rent or used the office space for its own purposes).

Defendant corporation has argued that this Court must discount its mailings to the plaintiff in assessing its minimum contacts with Rhode Island. It appears that although some packages were mailed directly to the plaintiff in Westerly, most mailings to Mr. Demirs from the corporation were sent to a Connecticut post office box, not directly to Rhode Island. I do not find this argument to be persuasive. "If *International Shoe* stands for anything, ... it is that a ... business may not shield itself from suit by a careful but formalistic structuring of its business dealings." *Vencedor*, 557 F.2d at 891. Knowledge of the ultimate destination of the mailings supports jurisdiction here. *See id.* at 892.

Because I find that the defendant corporation has sufficient contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'", *Interna-*

*tional Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, the corporation's motion for dismissal is denied.

### B. *Individual Defendants*

■■ With regard to the minimum contacts analysis for jurisdiction over the individual defendants, it is contended that even if minimum contacts can be established over the corporation, those contacts cannot be imputed to Recht and Somhegyi in their corporate capacities. *Alvarado–Morales v. Digital Equipment Corp.,* 843 F.2d 613, 617 (1st Cir.1988). Moreover, the defendant notes that the general rule is that "jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation. There must be an independent basis for asserting long-arm jurisdiction" over the nonresident agents. *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 906 (1st Cir. 1980). It has been noted, however, that it "would defeat the purposes of the law creating substantive liability to permit a corporate officer to shield himself from jurisdiction by means of the corporate entity, when he could not interpose the same shield as a defense against substantive liability." *Educational Testing Service v. Katzman,* 631 F.Supp. 550, 557 (D.N.J. 1986). Therefore, "all of a non-resident defendant's contacts *with the forum,* in whatever capacity, will be weighed in determining whether those contacts are, from a due process standpoint, sufficient to exercise jurisdiction over him for claims arising from those contacts." *Id.* at 558 (emphasis added).

Reviewing the complaint and affidavits, this Court finds that there is a dispute about the independent jurisdictional facts which cannot be resolved without a hearing. The plaintiff, through the affidavit of Diane Goddard, contends that defendant Somhegyi called Demirs in his Rhode Is-

---

**1.** In *Burnham,* the Court stated:
The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard ... *Shaffer* [*v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) ],

like *International Shoe,* involved jurisdiction over *an absent defendant,* and it stands for nothing more than the proposition that when the "minimum contact" that is a substitute for physical presence consists of property ownership it must, like other minimum contacts, be related to the litigation. 110 S.Ct. at 2115.

land office practically every day and that defendant Recht called a few times a year. Demirs, in his affidavit, states that Mr. Somhegyi called daily regarding the operation of the business, that he visited Rhode Island several times for business and for pleasure. Moreover, Demirs asserts that Recht called him in Rhode Island specifically to discuss the stock transfer and that Mr. Recht sent letters to him at the Rhode Island office. On the other hand, Recht, in his affidavit, contends that his only contacts with Rhode Island were occasional telephone calls and that there were never any substantive discussions concerning the stock transfer. Mr. Somhegyi's affidavit states that he only made occasional phone calls to Demirs in Rhode Island and that his two visits to Rhode Island were social visits.

Because there is a dispute about the jurisdictional facts, the plaintiff will have to establish them by a preponderance of evidence at a preliminary hearing before this Court can rule on the individual defendants' motion to dismiss.

An order in keeping with this opinion will be prepared by the plaintiff.

### ADDENDUM

On December 4, 1990, this Court conducted an evidentiary hearing with regard to the individual defendants' motion to dismiss for lack of personal jurisdiction. After hearing the evidence, I concluded that the plaintiff failed to demonstrate that the individual defendants had the minimum contacts necessary to establish jurisdiction in this forum without offending "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). For the reasons which I recited on the record, the individual defendants' motion to dismiss is hereby granted.