MEMORANDUM AND ORDER
 

 LUNGSTRUM, District Judge.
 

 This matter comes before the court on the motion of defendant MAB Refrigerated Transport, Inc. (MAB), to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) or to transfer for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) (Doc. # 6). Plaintiff Oxford Transportation Services, Inc. (Oxford), has sued MAB for breach of contract and fraud stemming from an agreement reached between the two parties in August of 1991. MAB’s motion to dismiss alleges that MAB is not subject to personal jurisdiction in this court because it did not transact business or commit any tortious act within the State of Kansas. In the alternative, MAB claims that this action should be transferred to Indiana which, according to MAB, is a more convenient forum. For the reasons set forth below, MAB’s motion is denied.
 

 Plaintiffs opposing a motion to dismiss for lack of personal jurisdiction have the burden of making a prima facie showing that the court may properly exercise personal jurisdiction over the defendant.
 
 Carrothers Constr. Co. v. Quality Service & Supply, Inc.,
 
 586 F.Supp. 134, 135-36 (D.Kan.1984). Allegations in the complaint are accepted as true to the extent that they are uncontroverted by submitted affidavits.
 
 Behagen v. Amateur Basketball Ass’n,
 
 744 F.2d 731, 733 (10th Cir.1984),
 
 cert. denied,
 
 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). “If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff’s favor, and the plaintiff’s prima facie showing is sufficient notwithstanding the contrary presentation by the moying. party_”
 
 Id.; Hall v. National Basketball Ass’n,
 
 651 F.Supp. 335, 336 (D.Kan.1987).
 

 Applying these precepts, the court considers the following facts relevant and controlling of defendant’s motion. Oxford is a Kansas corporation engaged in the business of selling and arranging for the interstate shipment of property by motor carrier. MAB is an Indiana corporation that transports products in interstate commerce. MAB is not authorized to do business in Kansas and has no offices or employees in Kansas. On August 2, 1991, Oxford contacted MAB and arranged for MAB to transport a shipment of frozen meat from Fort Worth, Texas to Manasas, Virginia. The shipment was to be delivered to Virginia on August 7, 1991. The parties agreed that Oxford’s Kansas office would advance $500.00 to MAB after the shipment was loaded in Texas, and that MAB would send and invoice to Oxford in Kansas for the remaining balance when the
 
 *712
 
 shipment arrived in Virginia. On August 5 Oxford contacted MAB and requested that the shipment be delivered to Virginia on August 6 instead of August 7. MAB agreed to this modification. On August 6, however, MAB’s truck had mechanical difficulties which delayed the shipment for one day, despite MAB’s assurances to Oxford that delivery would still be made on the sixth. As a result of the delayed shipment, Oxford claims that it suffered economic damages. It sued MAB for breach of contract and fraud.
 

 In diversity of citizenship actions, the law of the forum state determines whether personal jurisdiction is obtainable over a nonresident defendant.
 
 Rambo v. American Southern Ins. Co.,
 
 839 F.2d 1415, 1416 (10th Cir.1988). A two-step analysis is used in Kansas to determine whether the court has jurisdiction. First, the court must determine whether it has jurisdiction under the Kansas long-arm statute, K.S.A. § 60-308(b). Second, the court must determine whether the exercise of personal jurisdiction comports with constitutional guarantees of due process.
 
 Composite Marine Propellers, Inc. v. VanDerWoude,
 
 741 F.Supp. 873, 876 (D.Kan.1990);
 
 Hall,
 
 651 F.Supp. at 337. The Kansas long-arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the due process clause of the fourteenth amendment.
 
 Volt Delta Resources, Inc. v. Devine,
 
 241 Kan. 775, 777, 740 P.2d 1089 (1987).
 

 In this case, plaintiff asserts that the exercise of personal jurisdiction is proper under K.S.A. § 60-308(b)(2) and (b)(5) (Supp.1991), the “commission of a tortious act” prong and the “entering into a contract” prong of the Kansas long-arm statute. That statute provides:
 

 (b)
 
 Submitting to jurisdiction process.
 
 Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual’s personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
 

 (2) commission of a tortious act within this state;
 

 (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state; ....
 

 Id.
 

 The court concludes that the exercise of jurisdiction over defendant MAB is proper under K.S.A.' § eO-SOSO^).
 
 [1]
 
 Sometimes termed the “single act statute,” this provision allows the court to exercise personal jurisdiction over a nonresident when the only ground is a contract with a resident to be partially performed in the forum.
 
 Slawson v. Hair,
 
 716 F.Supp. 1373, 1376 (D.Kan.1989). Courts have found that the mere payment of funds to the resident’s offices within the forum constitutes part performance by the nonresident.
 
 Continental American Corp. v. Camera Controls Corp.,
 
 692 F.2d 1309, 1312 (10th Cir.1982). Conversely, part performance within the forum has also been recognized when the resident has paid funds to the nonresident.
 
 Slawson,
 
 716 F.Supp. at 1373.
 

 In this case, it is uncontroverted that the parties entered into a contract and that MAB was to receive payment under the contract from Oxford’s office in Kansas. The Kansas long-arm statute requires no more. Therefore, the court concludes that personal jurisdiction may be asserted over MAB under K.S.A. § 60-308(b)(5).
 
 See id.
 

 The court also concludes that constitutional considerations of due process do not prohibit the exercise of personal jurisdiction in this case. The key concern of the due process analysis is whether “the defendant’s conduct and connection with the forum State are such that he should reason
 
 *713
 
 ably anticipate being haled into court there.”
 
 World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The Tenth Circuit has endorsed a three-part test to determine whether a nonresident defendant’s contacts with the forum are sufficient to warrant the exercise of personal jurisdiction.
 
 Rambo v. American Southern Ins. Co.,
 
 839 F.2d 1415, 1419 n. 6 (10th Cir.1988);
 
 Marcus Food Co. v. Family Foods of Tallahassee, Inc.,
 
 729 F.Supp. 753, 757-58 (D.Kan.1990). First, the defendant must have sufficient contacts with the forum state so that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.
 
 World-Wide Volkswagen,
 
 444 U.S. 286, 100 S.Ct. 559;
 
 International Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
 

 Second, the defendant must have purposefully availed himself of the benefits of conducting activities in the forum state.
 
 Hanson v. Denckla,
 
 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). However, “[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state.”
 
 Id.
 
 at 253, 78 S.Ct. at 1239-40. Jurisdiction is proper when “the contacts proximately result from actions by the defendant
 
 himself
 
 that create a ‘substantial connection’ with the forum State.”
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 475, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985) (emphasis in original).
 

 Finally, the quality and nature of the defendant’s contacts must be such that it is reasonable to require him to appear in the forum state.
 
 Id.
 
 at 476, 105 S.Ct. at 2184;
 
 International Shoe,
 
 326 U.S. at 317, 66 S.Ct. at 158. The court must consider the burden on the defendant, the interests of the forum, and the plaintiff’s interest in obtaining relief.
 
 Asahi Metal Industry Co. v. Superior Court,
 
 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).
 

 Oxford’s complaint alleges that MAB entered into a contract with full knowledge that the plaintiff was a Kansas corporation and that the contract would be performed at least in part in Kansas. MAB telephoned Oxford’s offices in Kansas on several occasions and MAB accepted payment from Oxford’s Kansas office. Under these circumstances, MAB “should reasonably have anticipated being haled into court in the State of Kansas when it entered into a contract with a Kansas corporation, requiring that invoices be sent to the Kansas corporation for payment, and the acceptance of payment from the Kansas corporation.”
 
 Carrothers Constr. Co. v. Quality Service & Supply,
 
 586 F.Supp. 134, 137 (D.Kan.1984). Exercising personal jurisdiction over MAB will not violate traditional notions of fairness and due process.
 
 [2]
 
 MAB’s motion to dismiss for lack of personal jurisdiction is therefore denied.
 

 MAB also seeks a transfer of venue to the federal district court in Indiana. Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides that: “For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.” Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness.
 
 Chrysler Credit Corp. v. Country Chrysler, Inc.,
 
 928 F.2d 1509, 1516 (10th Cir.1991). A moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer because the plaintiff’s choice of forum is given “great weight.”
 
 See Allstate Ins. Co. v. Employers Reinsurance Corp.,
 
 715 F.Supp. 1502, 1503 (D.Kan.1989);
 
 see also Dow Chemical Corp. v. Weevil-Cide Co.,
 
 630 F.Supp. 125, 130 (D.Kan.1986) (“Unless the balance of the consideration is strongly in favor of the moving party, the plaintiff’s choice of forum should not be disturbed.”). The court must consider the following factors in determining whether to transfer a case:
 

 the plaintiff’s choice of forum; the accessibility of witnesses and other sources of
 
 *714
 
 proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.
 

 Chrysler Credit Corp.,
 
 928 F.2d at 1516.
 

 MAB has not met its burden of showing that a transfer of venue is justified under the facts of this case. MAB’s conclusory allegation that more of the witnesses reside in Indiana is patently insufficient to justify a transfer. Without more, this court will not tamper with the plaintiffs legitimate choice of forum.
 

 It is therefore ordered by the court
 
 that defendant’s motion to dismiss for lack of personal jurisdiction (Doc. # 6-1) is denied.
 

 It is further ordered
 
 that defendant’s motion to transfer (Doc. # 6-2) is denied.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Because the court finds that the plaintiff has established a prima facie showing of personal jurisdiction under § 60-308(b)(5), it need not address the plaintiffs claim to jurisdiction under § 60-308(b)(2).
 

 [2]
 

 . The court has considered but does not agree with defendant’s argument that this case should be dismissed on these grounds pursuant to
 
 Green Country Crude, Inc. v. Avant Petroleum, Inc.,
 
 648 F.Supp. 1443 (D.Kan.1986).