**Harold T. PEHR, Plaintiff,**

v.

**SUNBEAM PLASTICS CORPORATION, Defendant.**

No. 94–2339–JWL.

United States District Court, D. Kansas.

Jan. 6, 1995.

Kent R. Erickson, Litman, McMahon & Brown, Michael Elbein, Kansas City, MO, for plaintiff.

Charles A. Getto, T. Daniel Venters, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendant.

## *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

### I.  *Introduction*

This matter comes before the court on the motion of defendant Sunbeam Plastics Corporation ("Sunbeam") to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a) (Docs. # 7–1 and 7–2). Plaintiff Harold T. Pehr has sued Sunbeam for breach of contract stemming from a Patent License Agreement executed by the parties in August of 1993.  Sunbeam's motion to dismiss alleges that Sunbeam is not subject to personal jurisdiction in this court because it did not have sufficient contacts with the State of Kansas.  In the alternative, Sunbeam claims that this action should be transferred to Indiana which, according to Sunbeam, is a more convenient forum.  For the reasons set forth below, Sunbeam's motion is denied.

### II.  *Discussion*

Plaintiffs opposing a motion to dismiss for lack of personal jurisdiction have the burden of making a prima facie showing that

the court may properly exercise personal jurisdiction over the defendant. *Oxford Transp. Services, Inc. v. MAB Refrigerated Transport, Inc.,* 792 F.Supp. 710, 711 (D.Kan. 1992); *Carrothers Constr. Co. v. Quality Service & Supply, Inc.,* 586 F.Supp. 134, 135–36 (D.Kan.1984). Allegations in the complaint are accepted as true to the extent that they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party...." *Id.; Hall v. National Basketball Ass'n,* 651 F.Supp. 335, 336 (D.Kan.1987).

Applying these precepts, the court considers the following facts relevant and controlling of defendant's motion. Plaintiff, an inventor, is a resident of Kansas. Sunbeam is a Delaware corporation with its principal place of business in Evansville, Indiana. Sunbeam has never carried out any of its operations (e.g., production, advertising, sales) in Kansas, nor has it ever owned, leased or rented property in Kansas. Sunbeam has no employees in Kansas and does not maintain any agents in the state.

In 1990, plaintiff corresponded with Sunbeam concerning licensing of his invention, the CONVERTA LATCH, which was a plastic closure device covered by certain patents owned by plaintiff. At that time, Sunbeam indicated to plaintiff that it was not interested in the device. However, in early January, 1993, plaintiff telephoned Gary Montgomery, Vice President of Sunbeam for New Product Development, to see if Sunbeam had any interest in some new closure devices he had developed. Following this telephone conversation, plaintiff and Sunbeam exchanged non-disclosure agreements and plaintiff sent Sunbeam information on his products. Following the exchange of this information, Sunbeam expressed an interest in the CONVERTA LATCH, which the parties had not discussed since 1990. The parties then began negotiating for license rights to the CON-VERTA LATCH through numerous telephone calls and exchanges of drafts between plaintiff in Kansas and Sunbeam in Indiana. Eventually, the licensing agreement was executed by Sunbeam officers in Indiana and forwarded to plaintiff in Kansas, where he executed the agreement. The agreement entered into calls for plaintiff to license certain of the patent rights in connection with the CONVERTA LATCH, and to prosecute and maintain the patents. Pehr holds those patent rights in Kansas. All payments due under the agreement were to be sent to plaintiff in Kansas, and an initial fifteen thousand dollar ($15,000) payment was sent to plaintiff in Kansas by Sunbeam.

In diversity of citizenship actions, the law of the forum state determines whether personal jurisdiction is obtainable over a nonresident defendant. *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1416 (10th Cir.1988). A two-step analysis is used in Kansas to determine whether the court has jurisdiction. First, the court must determine whether it has jurisdiction under the Kansas long-arm statute, K.S.A. § 60–308(b). Second, the court must determine whether the exercise of personal jurisdiction comports with constitutional guarantees of due process. *Composite Marine Propellers, Inc. v. VanDerWoude,* 741 F.Supp. 873, 876 (D.Kan. 1990); *Hall,* 651 F.Supp. at 337. The Kansas long-arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the due process clause of the fourteenth amendment. *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 777, 740 P.2d 1089 (1987).

In this case, plaintiff asserts that the exercise of personal jurisdiction is proper under K.S.A. § 60–308(b)(5), the "entering into a contract" prong of the Kansas long-arm statute. That statute provides:

(b) *Submitting to jurisdiction process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of

this state as to any cause of action arising from the doing of any of these acts:

. . . .

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;

. . . .

*Id.*

▮ The court concludes that the exercise of jurisdiction over defendant Sunbeam is proper under K.S.A. § 60–308(b)(5). Sometimes termed the "single act statute," this provision allows the court to exercise personal jurisdiction over a nonresident when the only ground is a contract with a resident to be partially performed in the forum. *Oxford Transp. Services, Inc. v. MAB Refrigerated Transport, Inc.,* 792 F.Supp. 710, 712 (D.Kan. 1992); *Slawson v. Hair,* 716 F.Supp. 1373, 1376 (D.Kan.1989). Courts have found that the mere payment of funds to the resident's offices within the forum constitutes part performance by the nonresident. *Continental American Corp. v. Camera Controls Corp.,* 692 F.2d 1309, 1312 (10th Cir.1982). Conversely, part performance within the forum has also been recognized when the resident has paid funds to the nonresident. *Oxford,* 792 F.Supp. at 712; *Slawson,* 716 F.Supp. at 1376.

In this case, it is uncontroverted that the parties entered into a contract and that plaintiff received payment of $15,000 under the contract in Kansas from Sunbeam's office in Indiana. The Kansas long-arm statute requires no more. Therefore, the court concludes that personal jurisdiction may be asserted over Sunbeam under K.S.A. § 60–308(b)(5). *See id.*

▮ The court also concludes that constitutional considerations of due process do not prohibit the exercise of personal jurisdiction in this case. The relevant due process analysis was set forth by this court in *Oxford Transp. Services, Inc.,* 792 F.Supp. 710 (D.Kan.1992) as follows:

The key concern of the due process analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate

being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The Tenth Circuit has endorsed a three-part test to determine whether a nonresident defendant's contacts with the forum are sufficient to warrant the exercise of personal jurisdiction. *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1419 n. 6 (10th Cir. 1988); *Marcus Food Co. v. Family Foods of Tallahassee, Inc.,* 729 F.Supp. 753, 757–58 (D.Kan.1990). First, the defendant must have sufficient contacts with the forum state so that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen,* 444 U.S. 286, 100 S.Ct. 559 [62 L.Ed.2d 490 (1980)]; *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Second, the defendant must have purposefully availed himself of the benefits of conducting activities in the forum state. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). However, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Id.* at 253, 78 S.Ct. at 1239–40. Jurisdiction is proper when "the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985) (emphasis in original).

Finally, the quality and nature of the defendant's contacts must be such that it is reasonable to require him to appear in the forum state. *Id.* at 476, 105 S.Ct. at 2184; *International Shoe,* 326 U.S. at 317, 66 S.Ct. at 158. The court must consider the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief. *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

*Id.* at 712–13.

Plaintiff's complaint alleges that Sunbeam entered into a contract with full knowledge

that the plaintiff was a Kansas resident and that the contract would be performed at least in part in Kansas. Sunbeam telephoned plaintiff in Kansas on numerous occasions and exchanged information and draft contracts through the mail with plaintiff in Kansas. Further, Sunbeam made an initial $15,000 payment which was sent by Sunbeam to plaintiff in Kansas. Under these circumstances, the court finds that Sunbeam should reasonably have anticipated being haled into court in the State of Kansas when it negotiated and entered into a contract with a Kansas resident which required that payments be sent to the plaintiff in Kansas for services provided in Kansas by the plaintiff. *See Continental American Corp. v. Camera Controls Corp.,* 692 F.2d 1309 (10th Cir.1982); *Oxford Transp. Services, Inc. v. MAB Refrigerated Transport, Inc.,* 792 F.Supp. 710 (D.Kan.1992). The court finds that exercising personal jurisdiction over Sunbeam will not violate traditional notions of fairness and due process. Sunbeam's motion to dismiss for lack of personal jurisdiction is therefore denied.

■ Sunbeam also seeks a transfer of venue to the federal district court in Indiana. Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.1991). A moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer because the plaintiff's choice of forum is given "great weight." *See Allstate Ins. Co. v. Employers Reinsurance Corp.,* 715 F.Supp. 1502, 1503 (D.Kan.1989); *see also Dow Chemical Corp. v. Weevil–Cide Co.,* 630 F.Supp. 125, 130 (D.Kan.1986) ("Unless the balance of the consideration is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed."). The court must consider the following factors in determining whether to transfer a case:

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516.

■ Having considered the relevant factors, the court finds that Sunbeam has not met its burden of showing that a transfer of venue is justified under the facts of this case. The court does not believe that Sunbeam's conclusory allegations that more of the witnesses reside in Indiana, and that more of the documents necessary for trial are contained in Indiana, justify a transfer. There is not sufficient evidence before the court to find that the potential costs and inconvenience to Sunbeam of litigating this matter in Kansas so outweigh the corresponding costs and inconvenience to plaintiff of litigating the matter in Indiana that a transfer is justified. It would appear a transfer of this case to Indiana would result only in a shift of inconveniences to plaintiff. Without more, this court will not tamper with the plaintiff's legitimate choice of forum.

*III.  Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendant's motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a) (Docs. # 7–1 and 7–2) is denied.

**IT IS SO ORDERED.**