The **HEATING AND COOLING MASTER MARKETERS NETWORK, INC.,**
Plaintiff,

v.

**CONTRACTOR SUCCESS GROUP, INC., Defendant.**

No. 95–2465–JWL.

United States District Court, D. Kansas.

Aug. 9, 1996.

Paul D Sinclair, Andrew S. Mendelson, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, for plaintiff.

Brant M. Laue, Lawrence A Rouse, Brenda G. Hamilton, Rouse, Hendricks, German, May & Shank, Kansas City, MO, Annette P. Heller, Heller & Kepler, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is currently before the court on defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, for transfer of venue (Doc. # 14). By minute order, the court took defendant's motion under advisement and directed the parties to conduct additional discovery on the issue. Accordingly, the parties have submitted additional evidence and argument. For the reasons set forth below, defendant's motion is denied.

### I. Standard for Motion to Dismiss Under Rule 12(b)(2)

The Tenth Circuit has established the following standard to govern motions to dismiss for lack of personal jurisdiction under rule 12(b)(2):

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985); *accord Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir.1995).

### II. Facts [1]

Defendant Contract Success Group, Inc. is a Missouri corporation with its headquarters in St. Louis. Defendant acts in the manner of a trade organization, contracting with member heating and cooling companies to provide services, including marketing. One member company is located in Wichita, Kansas; another member does business in Kansas from its location in Kansas City, Missouri.

---

1. In accordance with the applicable standard, the facts are related in the light most favorable to plaintiff.

John Young, defendant's president, lives in Overland Park, Kansas. Young works at home for defendant when he is not traveling or at defendant's office in St. Louis, where he works four to five days per month. Young's Kansas home contains a fax machine provided by defendant and various work-related documents. Defendant pays for long-distance calls made by Young from his home. Young has met with various business contacts at his home on behalf of defendant.

Plaintiff The Heating and Cooling Master Marketers Network, Inc. is a Kansas corporation operated by brothers Brad and Alan Antin. The Antins have provided marketing services to companies in various industries for a number of years. The Antins incorporated plaintiff to provide marketing services specifically to heating and cooling companies.

In 1995, the Antins attempted to negotiate an agreement with defendant to provide marketing services to member heating and cooling companies, which had insisted that the Antins work through defendant. On July 27, 1995, the Antins met with Young at Young's Kansas home, where the three men discussed a possible agreement and the Antins' proposed marketing plan. At one point in the meeting, Young stated that defendant would sue for "trade dress" infringement if the Antins acted without defendant's approval.

After further discussions by telephone, the Antins attended a meeting in St. Louis with Young and James Abrams, defendant's CEO. Abrams threatened to sue if the Antins sent a certain solicitation letter to the member companies. A tentative agreement reached at the St. Louis meeting fell apart soon thereafter. When the Antins later spoke with Young in Kansas by telephone, Young repeated the threat to sue.

The Antins eventually sent a direct solicitation letter to the member companies despite failing to reach an agreement with defendant. By the present suit, plaintiff seeks a declaratory judgment that its marketing actions do not violate the Lanham Act, 15 U.S.C. § 1125 (1994), or constitute unfair competition or tortious interference under the common law.

### III. Discussion of Personal Jurisdiction

■ In determining whether it has personal jurisdiction over a non-resident defendant, the court must apply a two-part test involving analysis under both the Kansas long-arm statute, Kan.Stat.Ann. § 60–308 (1994), and the federal Constitution's due process clause. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304–05 (10th Cir.1994).[2]

■ Under the long-arm statute, a non-resident submits to the jurisdiction of the State of Kansas as to any cause of action arising from the "[t]ransaction of any business" within Kansas. Kan.Stat.Ann. § 60–308(b)(1).

"Business" is transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a pur-

---

**2.** The present case involves a federal question. Some courts and commentators have suggested that a *national* contacts due process standard is appropriate in federal questions cases brought in federal court. 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.1 (2d ed. 1987). Because no federal statute authorized nationwide service of process in this case, however, defendant must still be shown to be amenable to service of process under the long-arm statute. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108, 108 S.Ct. 404, 411, 98 L.Ed.2d 415 (1987). In this case, the long-arm statute requires transaction of business by defendant *in Kansas*. Kan.Stat.Ann. § 60–308(b)(1).

Plaintiff served defendant in this case by serving Young, defendant's president, at his home in Kansas. Plaintiff argues that because service was effected in Kansas, the long-arm statute does not apply and personal jurisdiction is satisfied. *Cf. Omni Capital*, 484 U.S. at 105 n. 9, 108 S.Ct. at 410 n. 9 (long-arm statute applies if defendant not found within the state). First, it is not clear whether service of a non-resident corporation's officer in Kansas necessarily constitutes service upon the corporation sufficient to obviate application of the long-arm statute for purposes of conferring jurisdiction. Second, service of process is distinct from personal jurisdiction; even if the long-arm statute did not apply, a due process analysis would be necessary.

Because the court concludes that defendant had sufficient contacts with the State of Kansas and that the cause of action here arose out of those contacts, it need not resolve these issues.

pose to improve his economic conditions and satisfy his desires. The transaction of business exists when the nonresident purposefully does some act or consummates some transaction in the forum state.

*Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 778, 740 P.2d 1089 (1987). The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process. *Federated Rural Elec.,* 17 F.3d at 1305 (citing *Volt,* 241 Kan. at 777, 740 P.2d 1089).

▮▮▮ Under due process, personal jurisdiction requires "minimum contacts" between the non-resident defendant and the forum state, such that the defendant has purposefully availed itself of the privilege of conducting activities within the state. *Rambo v. American S. Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988). The defendant must reasonably be able to anticipate being haled into court in the forum state. *Id.* at 1419; *Pehr v. Sunbeam Plastics Corp.,* 874 F.Supp. 317, 320 (D.Kan.1995). In addition, jurisdiction in the particular case must be reasonable, so as not to offend traditional notions of fair play and substantial justice. *Rambo,* 839 F.2d at 1419 n. 6; *Pehr,* 874 F.Supp. at 320.

▮▮▮ The court concludes that plaintiff has made the required prima facie showing that defendant's contacts with Kansas are sufficient to satisfy the long-arm statute and due process. Young did most of his work as defendant's president in Kansas. From his home, Young established, maintained, and furthered business relationships on behalf of defendant, including the relationship with the Antins from which this dispute arose. This conduct by Young in Kansas inured to the benefit of defendant. By this arrangement, defendant purposefully availed itself of the privilege of conducting business in Kansas, and it could reasonably anticipate being sued in Kansas as a result of Young's conduct on its behalf. In addition, assertion of jurisdiction over defendant in this case would not be

unreasonable. *See Demirs v. Plexicraft, Inc.,* 754 F.Supp. 250, 252–54 (D.R.I.1990) (employee's working out of home in forum state established sufficient contacts between non-resident corporate employer and state).

The court also concludes that the cause of action here arose from defendant's transaction of business in Kansas, as required by the long-arm statute. The underlying claim in plaintiff's declaratory judgment action concerns a possible violation by plaintiff of defendant's "trade dress." The events giving rise to the relationship between defendant and the Antins occurred substantially in Kansas, and it is this relationship that led ultimately to the instant action. Moreover, any actual violation by plaintiff would have taken place in Kansas.[3]

## IV. Discussion of Transfer of Venue

Defendant also argues that the case should be dismissed or transferred to the Eastern District of Missouri under the doctrine of forum non conveniens. Defendant's motion is governed by 28 U.S.C. § 1404(a) (1994), which provides for transfer of venue. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991). That section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

▮▮▮ "Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness." *Pehr v. Sunbeam Plastics Corp.,* 874 F.Supp. 317, 321 (D.Kan.1995). "A moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer because the plaintiff's choice of forum is given great weight." *Id.* The court considers the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compul-

---

**3.** Defendant argues that because plaintiff was not incorporated until after negotiations with the Antins broke down, plaintiff cannot satisfy the long-arm statute's nexus requirement. The court disagrees. Young's working for defendant out of his home in Kansas led to the dispute between defendant and the Antins. The dispute between the parties in this case presupposes a dispute between defendant and the Antins. Thus, the present dispute arose ultimately from defendant's transaction of business in Kansas.

sory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516.

■ After consideration of these factors, the court concludes that defendant has not met its burden on this issue. In particular, defendant has not shown a disproportionate difficulty or inconvenience in securing potential non-party witnesses. The court is not convinced that the inconvenience to defendant of litigating this case in Kansas outweighs the corresponding inconvenience to plaintiff of litigating the case in St. Louis. Rather, a transfer would only shift the inconveniences to plaintiff, and, accordingly, the court will not interfere with plaintiff's legitimate choice of forum. *See Pehr,* 874 F.Supp. at 321.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss for lack of jurisdiction or, in the alternative, for transfer of venue is denied.

**IT IS SO ORDERED.**