**James SCOTT, Plaintiff,**

v.

**HOME CHOICE, INC. d/b/a/ Rent Way, et al., Defendants.**

**Civil Action No. 02–2112–CM.**

United States District Court, D. Kansas.

Feb. 20, 2003.

Thomas J. Koehler, Craig M. Leff, James M. Yeretsky, Yeretsky & Maher, L.L.C., Overland Park, KS, for Littler Mendelson.

Douglas S. Laird, Polsinelli Shalton & Welte, P.C., Kansas City, MO, for Polsinelli, Shalton & Welte, P.C.

Matthew R. O'Connor, Anthony J. Romano, Polsinelli Shalton & Welte, P.C., Kansas City, MO, for Home Choice Inc.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the court are defendants Home Choice, Inc. d/b/a Rent Way ("Rent Way") and Polsinelli Shalton & Welte ("Polsinelli")'s Motion to Dismiss (Doc. 4), and defendant Littler Mendelson, P.C. ("Littler")'s Motion to Dismiss (Doc. 6). As set forth below, defendants Rent Way and Polsinelli's Motion to Dismiss is granted in part and denied in part. Defendant Littler's Motion to Dismiss is granted.

### ● Background

On January 22, 2003, this court granted pro se plaintiff James Scott's Motion to Amend his complaint. Because a properly amended complaint supersedes the original complaint, *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991), the court evaluates defendants' motions in light of plaintiff's Second Amended Complaint (Doc. 32) (hereinafter "complaint"). As amended, plaintiff's complaint does not list Polsinelli as a defendant. The Clerk of the Court has terminated Polsinelli as a party to this case. Accordingly, the court finds that defendants Polsinelli and Rent Way's motion to dismiss is moot as to defendant Polsinelli.

In his complaint, plaintiff brings claims of fraud, malicious abuse of process, and breach of contract against defendants Rent Way and Littler. Plaintiff's claims appear to stem from previous litigation between plaintiff and defendant Rent Way in United States District Court for the District of Kansas Case No. 99–2311–JWL (hereinaf-

ter "the prior federal case"). On November 18, 1999, this court entered a Memorandum and Order granting defendant's Motion to Dismiss the prior federal case, and the Clerk of the Court entered judgment in favor of defendant Rent Way. In the prior federal case, defendant Rent Way was represented by defendant Littler and by Polsinelli.

### • Defendant Rent Way's Motion to Dismiss

Defendant Rent Way requests the court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Further, defendant Rent Way asks the court to dismiss plaintiff's complaint on grounds of "judicial economy." The court will examine each of defendant Rent Way's arguments in turn.

In examining both defendant Rent Way and defendant Littler's motions to dismiss, the court notes that it must afford a pro se plaintiff somewhat more leniency than a plaintiff represented by counsel. *Wilson v. Via Christi Reg'l Med. Ctr.*, 1998 WL 404337, at *1 (D.Kan. June 20, 1998); *Oltremari v. Kan. Soc. & Rehab. Servs.*, 871 F.Supp. 1331, 1333 (D.Kan.1994). While pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as any other litigant. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). The court may not assume the role of advocate for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir.1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995), *citing Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed.R.Civ.P. 12(h)(3). As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper. *Basso*, 495 F.2d at 909. When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

### • Rule 12(b)(1)

Because he does not assert claims arising under federal law, plaintiff invokes the court's jurisdiction pursuant to 28 U.S.C. § 1332, asserting that there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Plaintiff also attempts to assert jurisdiction under 28 U.S.C. § 1343.

At the outset, the court notes that § 1343 is inapplicable. That statute provides that a federal district court shall have original jurisdiction over certain civil rights actions. *Id.* § 1343. Plaintiff asserts no civil rights claims and does not seek to recover damages for any injuries related to a conspiracy to deprive him of his civil rights. Accordingly, defendant Rent Way's motion to dismiss is granted to the extent it seeks dismissal due to plaintiff's assertion of jurisdiction under § 1343.

In applying § 1332, the court recognizes that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). As the party asserting jurisdiction, plaintiff has the burden of establishing subject-matter jurisdiction. *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Plaintiff states in his complaint that he is a resident of Jackson County, Missouri. In its motion to dismiss, which was filed prior to plaintiff's amended complaint, defendant Rent Way states that then-defendant Polsinelli is a resident of Missouri, but does not discuss the citizenship of defendants Rent Way or Littler. In plaintiff's response, plaintiff states that defendant Rent Way is a Pennsylvania resident and that defendant Littler is a California resident.[1] Defendant filed no reply brief, and has not disputed plaintiff's assertions regarding defendants Rent Way and Littler's citizenship.

As discussed above, plaintiff's amended complaint does not list Polsinelli as a defendant. Accepting as true the plaintiff's uncontroverted statements regarding the citizenship of the remaining parties, the court finds that plaintiff has met his burden to show that there is complete diversity, because no remaining defendant is a citizen of the same state as plaintiff. Therefore, the court's subject matter jurisdiction is proper under § 1332.

● **"Judicial Economy"**

Next, defendant Rent Way requests the court to dismiss plaintiff's complaint on the grounds that the plaintiff's claims "arise from the same set of facts that serve as the basis of litigation currently pending in Missouri state court in Jackson County" (hereinafter "the state court litigation"). Defendant Rent Way states that the state court litigation arose while the prior federal case was pending, and that it regarded an alleged violation of a Settlement Agreement plaintiff executed with defendant Rent Way. Defendant Rent Way further claims that on October 17, 2001, a judge in the state court litigation granted defendant Rent Way's motion for summary judgment, and that defendant Rent Way's motion for contempt is pending before the state judge. Further, defendant Rent Way states that a copy of the motion for contempt "is attached hereto as Exhibit B." However, no exhibit B is attached to defendant Rent Way's motion, and the court's review indicates that no copy of the motion for contempt appears in the record.

The court is uncertain whether, in asking the court to dismiss plaintiff's complaint because it "arise[s] from the same set of facts" as the state court litigation, defendant Rent Way requests the court to abstain in light of the ongoing state proceeding, or to dismiss the case on grounds of res judicata or collateral estoppel. The court's evaluation of defendant Rent Way's argument in light of the abstention, res judicata, and collateral estoppel doctrines demonstrates that defendant Rent Way has failed to satisfy the requirements of those doctrines.

● **Abstention**

■ In *Colorado River Water Conservation District v. United States*, the Supreme Court recognized that judicial economy may warrant deferral of a federal suit when pending state litigation will resolve the issues presented in the federal case.[2]

---

1. Plaintiff cited to an affidavit attached to defendant Littler's suggestions in support of its motion to dismiss in which a shareholder of defendant Littler stated that defendant Littler's principal place of business is in California.

2. The court notes other bases for abstention are inapplicable. Specifically, pursuant to the doctrine established in *Railroad Commis-*

*sion of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), "a federal court [may] stay its hand in those instances where a federal constitutional claim is premised on an unsettled question of state law, whose determination by the state court might avoid or modify the constitutional issue." *Vinyard v. King*, 655 F.2d 1016, 1018 (10th Cir.1981) (citing *Pullman*, 312 U.S. 496, 61

424 U.S. 800, 816–18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Because the doctrine "springs from the desire for judicial economy, rather than from constitutional concerns about federal-state comity," and "is an exception to our jurisdictional mandate from Congress," it "may only be used when 'the clearest of justifications ... warrant[s] dismissal.'" *Rienhardt v. Kelly,* 164 F.3d 1296, 1303 (10th Cir.1999) (quoting *Colorado River,* 424 U.S. at 817–19, 96 S.Ct. 1236).

■ To determine whether deferral is appropriate under *Colorado River,* the court must first examine "whether the state and federal proceedings are parallel." *Allen v. Bd. of Educ.,* 68 F.3d 401, 402 (10th Cir.1995). " 'Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.' The court should 'examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings,' resolving any doubt 'in favor of exercising federal jurisdiction.'" *Id.* at 403 (quoting *Fox v. Maulding,* 16 F.3d 1079, 1082 (10th Cir.1994)).

■ Defendant Rent Way has made no attempt to demonstrate how the elements of *Colorado River* abstention are satisfied. Upon its own review, the court examines defendant's claim under *Colorado River.* Defendant states that plaintiff brought a claim for breach of contract in Missouri state court in order to recover money under a Settlement Agreement that had been reached between plaintiff and defendant Rent Way *prior* to the time that plaintiff brought Case No. 99–2311 in the United States District Court for the District of Kansas. Moreover, plaintiff's breach of contract claim filed in the instant action does not arise from, or mention, the Settlement Agreement. The ongoing state litigation thus is not a parallel proceeding for purposes of *Colorado River* abstention, because different issues and claims are being litigated in the state action and in the instant action. To the extent that defendant Rent Way's motion to dismiss is premised on abstention doctrines, the motion is denied.

● **Res Judicata and Collateral Estoppel**

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Wilkes v. Wyo. Dep't of Employment,* 314 F.3d 501, 503–04 (10th Cir.2002) (quoting *Satsky v. Paramount Comm., Inc.,* 7 F.3d 1464,1467 (10th Cir.1993)). "To apply the doctrine of res judicata, three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* (quoting *King v. Union Oil Co.,* 117 F.3d 443, 444–45 (10th Cir.1997)).

Defendant has made no attempt to demonstrate how the elements of res judicata are satisfied here, and the court will not engage in the type of speculation that would be necessary to determine whether plaintiff's claims are precluded. Accordingly, to the extent defendant Rent Way's

---

S.Ct. 643, 85 L.Ed. 971 (1941)). The *Pullman* doctrine is inapplicable here because there is no federal constitutional claim. In addition, the court notes that *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), recognized abstention may be proper "when a case presents difficult questions of state law bearing on policy problems of sub-

stantial public import whose importance transcends the result in the case then at bar." *Ankenbrandt v. Richards,* 504 U.S. 689, 705–06, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). The court finds *Burford* inapplicable because defendant Rent Way has made no showing that the state law issues in this case concern state regulatory and policy interests.

motion to dismiss is premised on res judicata, it is denied. In light of the Supreme Court's holding in *Parklane Hosiery Co. v. Shore,* "if the components of collateral estoppel are satisfied, its benefits of economizing judicial resources and lessening the burdens of relitigating identical issues already decided, would be afforded a non-mutual plaintiff provided defendant had previously had a full and fair opportunity to litigate the issue." *Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir.2000) (citing *Parklane,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). In the Tenth Circuit, "application of collateral estoppel requires: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Id.*

The court finds defendant has made no attempt to demonstrate how the elements of collateral estoppel are fulfilled in this case. To the extent defendant Rent Way's motion to dismiss is premised on collateral estoppel, it is denied.

Finding no basis upon which defendant Rent Way's motion to dismiss should be granted as to defendant Rent Way, the court denies defendant Rent Way's motion to dismiss.

### ● Defendant Littler's Motion to Dismiss

Defendant Littler requests dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), on the grounds that the court lacks subject matter jurisdiction and that the court lacks personal jurisdiction over defendant Littler.

### ● Rule 12(b)(1)

First, defendant Littler argues the court lacks subject matter jurisdiction due to a lack of complete diversity, on the grounds that plaintiff and then-defendant Polsinelli are both citizens of Missouri. For the same reasons enumerated above in the court's discussion of defendant Rent Way's motion to dismiss, the court denies defendant Littler's motion to dismiss on this basis.

### ● Rule 12(b)(2)

Defendant Littler argues that the court lacks personal jurisdiction because defendant Littler is not a resident of Kansas and has not had the sufficient minimum contacts with Kansas required for this court to exercise jurisdiction.

### ● Standard

█ A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing that exercise of personal jurisdiction over the defendant is proper. *Kuenzle v. HTM Sport–Und Freizeitgerate AG,* 102 F.3d 453, 456 (10th Cir.1996). Although the plaintiff will be required to prove the factual basis for jurisdiction by a preponderance of the evidence at trial, on a pre-trial motion to dismiss, all factual disputes are resolved in favor of the plaintiff. *Id.* The plaintiff makes the required prima facie showing by "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co.,* 149 F.3d 1086, 1091 (10th Cir.1998). "[T]o defeat a plaintiff's prima facie showing of jurisdiction, 'a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In its analysis, the court must accept as true all well-pled

facts in the complaint, as distinguished from mere conclusory allegations, to the extent they are uncontroverted by defendant's affidavits. *Dazey Corp. v. Wolfman,* 948 F.Supp. 969 (D.Kan.1996) (citing *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984)); *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976).

■■■■ In diversity actions, personal jurisdiction over a nonresident defendant is determined by the law of the forum state. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op.,* 17 F.3d 1302, 1304 (10th Cir.1994) (citing Fed.R.Civ.P. 4(e)). Kansas courts employ a two-step analysis to determine personal jurisdiction. First, the court must analyze whether it has jurisdiction under the Kansas long-arm statute, Kan. Stat. Ann. § 60–308(b). Second, the court turns to the question whether exercising jurisdiction would be proper under the Due Process Clause. *Envtl. Ventures Inc. v. Alda Servs. Corp.,* 868 P.2d 540, 543, 19 Kan.App.2d 292, 295 (1994). "The Kansas long-arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the Due Process Clause of the Fourteenth Amendment." *Oxford Transp. Serv. v. MAB Refrigerated Transport, Inc.,* 792 F.Supp. 710, 712 (D.Kan. 1992).

● **Analysis**

In his complaint, plaintiff states he is a citizen of Missouri, while defendant Rent Way is a corporation doing business in Kansas. Plaintiff does not make any representation regarding the state of incorporation or principal place of business of defendant Littler, but states that two attorneys practicing in Littler's Minneapolis, Minnesota office, Andrew J. Voss' and Kathryn Mrkonich–Wilson, were admitted pro hac vice to practice in the U.S. District Court for the District of Kansas in connection with Case No. 99–2311. Further, plaintiff argues that personal jurisdiction over defendant Littler is proper under Kan. Stat. Ann. § 60–308(2) because defendant Littler committed the tort of fraud in the state. In addition, plaintiff claims that Mr. Voss and Ms. Mrkonich–Wilson "are also jurisdictionally bound" pursuant to Rule 8.5 of the Kansas Rules of Professional Responsibility and the Model Rules of Professional Responsibility.

Defendant Littler states it is a professional corporation organized under the laws of California with its principal place of business in San Francisco, California. Further, defendant Littler states it does not maintain an office in, or regularly conduct business in Kansas, and that its sole connection with the State of Kansas was its representation of defendant Home Choice in Case No. 99–2311. Plaintiff also argues that personal jurisdiction over defendant Littler is proper under Kan. Stat. Ann. § 60–308(2)[3] because defendant Littler committed tortious acts within Kansas.[4]

---

**3.** Kan. Stat. Ann. § 60–308(b)(2) provides in relevant part that "[a]ny person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts ... (2) commission of a tortious act within this state." Kan. Stat. Ann. § 60–308(b)(2).

**4.** In addition, plaintiff claims that Mr. Voss and Ms. Mrkonich–Wilson "are also jurisdictionally bound" pursuant to Rule 8.5 of the Kansas Rules of Professional Responsibility and the Model Rules of Professional Responsibility. Although these rules pertain to the admissibility of attorneys pro hac vice, the court finds no basis for plaintiff's assertion that they can support an exercise of federal jurisdiction.

Defendant contends that plaintiff cannot establish a prima facie case that jurisdiction is proper over plaintiff's claim of fraud, because plaintiff has failed to plead that claim with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Further, defendant claims that it lacks the minimum contacts necessary for an exercise of jurisdiction. The court will examine the parties' arguments regarding each of plaintiff's claims.

### a. Breach of Contract Claim

■ First, the court notes that plaintiff has not claimed a jurisdictional basis under the Kansas long arm statute for his breach of contract claim. Defendant Littler does not address this failure in its response brief. Although Kan. Stat. Ann. § 60–308(b)(5) provides that "entering into an express or implied contract ... with a resident of this state to be performed in whole or in part by either party in this state" is a basis for jurisdiction, the court finds that plaintiff has not made a prima facie showing that defendants entered into a contract with plaintiff that was to be performed at least partially in Kansas. Plaintiff's complaint does not state the location in which any alleged contract was entered into or was to be performed. Plaintiff therefore cannot satisfy the state's long arm statute with respect to plaintiff's breach of contract claim, and the court finds that it may not exercise personal jurisdiction over defendant with regard to that claim. Accordingly, the court grants defendant Littler's motion to dismiss as to plaintiff's breach of contract claim.

### b. Fraud and Malicious Abuse of Process Claims

Defendant claims the court may not exercise jurisdiction over plaintiff's fraud claim because plaintiff has not alleged any conduct by defendant that would fall within Kan. Stat. Ann. § 60–308. Although defendant does not make an allegation regarding whether the malicious abuse of process claim falls within the long-arm statute, defendant states that, in general, defendant's contacts with the state of Kansas are an insufficient basis for the court to exercise personal jurisdiction over defendant.

Regarding plaintiff's fraud claim, defendant states that plaintiff has set forth only a "vague and confusing allegation concerning some alleged fraud by an unidentified person," which is insufficient to "demonstrate any actionable conduct committed by Littler in or toward the State of Kansas." (Def.'s Resp. at 5). Defendant continues by stating the standard for determining personal jurisdiction as set out above, emphasizing that the court must accept as true only the well-pled facts of the plaintiff's complaint, to the extent they are uncontroverted by the defendant's affidavits. Defendant further alleges that the plaintiff has failed to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements for a fraud claim, because plaintiff fails to state where, when, or by whom any fraud was perpetrated.

In evaluating defendant's motion to dismiss for lack of personal jurisdiction, the court recognizes that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02, 118 S.Ct. 1003, 140 L.Ed.2d 210, in which the Court held, "For a court to pronounce upon [the merits] when it has no jurisdiction to do so is ... for a court to act ultra vires."). The court therefore does not apply Rule 9(b)'s standard, as if the court were ruling on a rule 12(b)(6) motion to dismiss for failure to state a claim for

which relief can be granted. Rather, the court's inquiry is whether plaintiff has made a prima facie showing that defendant engaged in tortious activity within the State of Kansas, sufficient to bring the defendant within Kansas's long-arm jurisdiction.

 After carefully examining plaintiff's complaint, and drawing all reasonable inferences in favor of the plaintiff, the court concludes plaintiff has failed to allege that defendant Littler or its agents engaged in the torts of fraud and malicious abuse of process in the state of Kansas. Although plaintiff discusses the fact that he was engaged in previous litigation in the U.S. District Court for the District of Kansas, plaintiff has not stated the location of the acts that he identifies as tortious, nor has he stated that defendant Littler or its agents committed them. Plaintiff has failed to make a prima facie showing that a Kansas court may exercise personal jurisdiction over defendant Littler. Accordingly, the court grants defendant Littler's motion to dismiss for lack of personal jurisdiction.

The court's dismissal of plaintiff's claims against defendants Polsinelli and Littler is without prejudice, and therefore does not preclude plaintiff from refiling the case and properly asserting jurisdiction. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216–17 (10th Cir.2002) (finding that a dismissal for lack of jurisdiction does not address the merits of a claim, and is therefore without prejudice to filing in an appropriate forum).

### IV. Order

**IT IS THEREFORE ORDERED THAT** defendants Rent Way and Polsinelli's Motion to Dismiss (Doc. 4) is mooted in part and denied in part.

The motion is mooted as to defendant Polsinelli.

The motion is denied as to defendant Rent Way.

**IT IS FURTHER ORDERED THAT** defendant Littler's Motion to Dismiss (Doc. 6) is granted. The case is hereby dismissed without prejudice as to defendants Polsinelli and Littler. Dated this 20th day of February 2003, at Kansas City, Kansas.