**Dave SHELDON, Plaintiff,**

v.

**Jay VERMONTY, et al., Defendants.**

No. 98–2277–JWL.

United States District Court,
D. Kansas.

Sept. 17, 1999.

Darren K. Kearns, Overland Park, for plaintiff.

Jane L. Stafford, Patrick J. Whalen, Spencer, Fane, Britt & Browne, Kansas City, MO, Mario Aieta, Aieta & Greco, New York City, Norman Siegel, Sonnenschein, Nath & Rosenthal, John W. Shaw, Timothy S. Millman, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, LLP, Kansas City, MO, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Dave Sheldon brought this action against defendants alleging violations of the federal and state securities laws as well as various common law claims. On November 30, 1998, this court considered defendants Jay Vermonty, Carmen Vermonty, Gershon Tannenbaum and Hector Cruz's motion to dismiss plaintiff's amended complaint for failure to state a claim. At that time, with the exception of plaintiff's claim for unjust enrichment, each of plaintiff's claims was dismissed, with leave to amend, for failure to comply with the pleading requirements imposed by Rules 8 and 9(b) of the Federal Rules of Civil Procedure. *See Sheldon v. Vermonty*, 31 F.Supp.2d 1287 (D.Kan.1998). In apparent effort to comply with the court's November 30, 1998 order, plaintiff subsequently filed with the court a second, and then a third, amended complaint.

On May 25, 1999, this court considered and granted in part and denied in part defendants' motion to dismiss for failure to state a claim plaintiff's third amended complaint. *See Sheldon v. Vermonty*, 53 F.Supp.2d 1157 (D.Kan.1999). Specifically, the court dismissed with prejudice plaintiff's federal and state securities law claims, as well as plaintiff's state law claims for fraud, breach of fiduciary duty, and civil conspiracy. *Id.* at 1171. Plaintiff's state law claims for unjust enrichment and negligent misrepresentation were dismissed without prejudice. *Id.* Presently before the court are plaintiff's motions for reconsideration of the court's order entered May 25, 1999 (doc. 69) and for certification or adjudication of remaining claims (doc. 77). For the reasons set forth below, the court denies the motion to reconsider and grants the motion to certify.

## I. Discussion

### A. Rule 60(b) Motion

■ Plaintiff moves for reconsideration of its May 25, 1999 order under Fed.R.Civ.P. 60(b) and D. Kan. Rule 7.3. The Tenth Circuit has repeatedly warned that relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996) (quotation omitted). A motion under Fed.R.Civ.P. 60(b) is not a vehicle to re-argue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original papers, or as a substitute for appeal. *Id.* at 577. The "exceptional circumstances" warranting relief under Fed. R.Civ.P. 60(b) are as follows:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.Pro. 60(b).

### 1. Statute of Limitations Issue

In his papers, plaintiff first argues that relief under Fed.R.Civ.P. 60(b)(1) is appropriate because the court erred in its determination that plaintiff's claim under § 12(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(a)(1), is time-barred.

 As set forth above, Rule 60(b)(1) provides for relief in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Because relief under Rule 60(b) is not intended to be used as a substitute for a direct appeal, "as a general proposition", the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: "(1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner*, 98 F.3d at 576. Reconsideration on the latter ground is justified under Rule 60(b)(1) only where there have been committed "obvious errors of law" which are "apparent on the record." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir.1991). As detailed below, the court concludes that plaintiff has not identified an "obvious error of law" warranting reconsideration of the court's prior order with respect to the statute of limitations issue.

The court previously dismissed plaintiff's § 12(a)(1) claim for failure to adequately allege facts from which the court could infer that the securities purchased by plaintiff were sold in violation of § 5 of the Securities Act of 1933. *Vermonty*, 53 F.Supp.2d at 1164–1166. In that regard, the court explained that plaintiff's complaint merely stated, without elaboration, that the securities were so sold. *Id.* Further, the court noted that it was impossible to ascertain from the complaint from which of the moving defendants plaintiff purchased the allegedly unregistered securities, and thus that the court was unable to determine whether any of the moving defendants was a "seller" within the meaning of § 12(a)(1). *Id.* To that end, the court referred to the Supreme Court's decision in *Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988), in which the Supreme Court explained that, "[a]t the very least, ... [§ 12(a)(1)] contemplates a buyer-seller relationship not unlike traditional contractual privity." *Vermonty*, 53 F.Supp.2d at 1165 (quoting *Pinter v. Dahl*, 486 U.S. 622, 642, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988)).

The court next concluded that, even if plaintiff's allegations were sufficient to state a claim under § 12(a)(1), any such claim was time-barred. *Id.* That conclusion was based on the fact that plaintiff had alleged that his last purchase of stock occurred in April of 1997, over one year before he filed his securities fraud action in June 1998. In his response to defendants' motion for summary judgment, plaintiff argued that § 12(a)(1) extends to prohibit the "offer" *or* "sale" of unregistered stock, such that the fact that defendants "continued to offer this stock to plaintiff on a continual basis as late as April of 1998" brought his claim within the statute of limitations. In making that assertion, however, plaintiff did not refer the court to any facts alleged in the third amended complaint to support the allegation that he received offers through April of 1998. On the contrary, the only specific reference to the complaint offered by plaintiff was the sentence reading, in its entirety, "Other specific offers on August 14, 1997, as alleged in the TAC[1] paragraph 25a." Pl. Mem. in Opp. (doc. 46) at 6.[2] Plaintiff claimed that, because liability under § 12(a)(1) extends to

---

1. "TAC" is plaintiff's shorthand reference to his third amended complaint.

2. The court notes that a review of the allegations set forth in the referenced paragraph revealed the same vagueness for which the complaint was twice dismissed. More specifically, the allegation merely reads "Mr. Vermonty posts on AOL that it [sic] time to buy, buy, buy!" Third Amended Complaint at 23, ¶ 25(a). This "offer" was, apparently, posted on an internet bulletin board, and, therefore, not aimed specifically at plaintiff or anyone else, for that matter.

offers as well as sales, because his receipt of this bulletin board message occurred less than one year before he filed this action, the court erred in dismissing his claim on the basis that the limitations period had expired.

While the court agrees with plaintiff that the *Pinter v. Dahl* decision stands for the proposition that liability under § 12 attaches not only to the owner who passes title, or other interest, in a security, but also to those who "successfully solicit[ ] the purchase" of securities, *Pinter*, 486 U.S. at 647, 108 S.Ct. 2063, the court does not agree with plaintiff's apparent assertion that the *Pinter* holding made actionable allegedly false statements not culminating in a sale of securities. Indeed, the Supreme Court expressly explained in that case that

> [t]he purchase requirement clearly confines § 12 liability to those situations in which a sale has taken place. *Thus, a prospective buyer has no recourse against a person who touts unregistered securities to him if he does not purchase the securities.*

*Id.* at 644, 108 S.Ct. 2063 (emphasis added). Accordingly, in its determining the statute of limitations issue, the court did not take into account any alleged offers to plaintiff which did not result in an actual purchase of securities, and instead used plaintiff's last date of purchase as triggering the statute of limitations in this case.[3] Thus, although the court probably should have set forth the above language of the *Pinter* case to explain the outcome of its statute of limitations analysis in its May 25, 1999 order, that fact alone certainly does not indicate that the court committed a substantive error of law, obvious or otherwise, justifying relief from judgment under Rule 60(b).

In any event, the court notes that even if it were to consider any offers made within one year of the filing of this action, the additional bases for which plaintiff's § 12(a)(1) claim

was dismissed, i.e., inadequate facts from which the court could infer that the securities were, in fact, unregistered, and the absence of facts from which the court could determine whether any of the defendants is a "seller" within the definition of § 12(a)(1), are sufficient to support the court's dismissal of plaintiff's § 12(a)(1) claims. Accordingly, plaintiff's motion for relief under Fed.R.Civ.P. 60(b)(1) is denied.

### 2. Remaining Claims

■ Additionally, plaintiff moves the court under Fed.R.Civ.P. 60(b)(6) for relief from its May 25, 1999 order. Clause (6) of Rule 60(b) provides that, in addition to the five specific grounds for relief enumerated in the rule, the district court is granted discretion to release a party from a judgment "for any other reason justifying relief from operation of the judgment." Fed.R.Civ.P. 60(b)(6). Relief under Rule 60(b)(6) has been described by the Tenth Circuit as a "grand reservoir of equitable power to do justice in a particular case," *Cashner*, 98 F.3d at 579 (quotation omitted), and is available "only in extraordinary circumstances and only when necessary to accomplish justice." *Id.*

As support for his Rule 60(b)(6) motion, plaintiff first expresses his apparent displeasure with the fact that he was allowed only one opportunity to amend his complaint before the majority of the claims set forth therein were dismissed with prejudice. Plaintiff then explains that he has retained new counsel to assist in the drafting of a fourth amended complaint, in which, plaintiff claims, the deficiencies for which his complaint was twice dismissed have now been remedied. Plaintiff then proceeds to reargue the merits of his original complaint, claiming that the court simply failed to understand the nature and extent of the alleged wrongs for which he initiated this securities fraud action against defendants.

---

3. The court notes that its use of plaintiff's last date of purchase as determinative of the statute of limitations issue, at least in the absence of allegations of any dates upon which securities were sold to other investors, is not unprecedented. *See, e.g., Toombs v. Leone,* 777 F.2d 465, 468 n. 3 (9th Cir.1985) (The limitation of actions provision of the 1933 Act, 15 U.S.C. § 77m,

"does not make clear whether the one-year requirement may be satisfied by the allegation of sales-related activities in which the plaintiff was not involved. We need not decide this issue today, however, because [plaintiff] failed to adduce any facts respecting CFO's sales activities with other investors.")

As noted above, a Rule 60(b) motion is not properly used as a vehicle to reargue previously existing facts, nor is it a mechanism whereby a plaintiff may simply "dress up" his previously unsuccessful arguments in an attempt to convince the court to rule in his favor. Despite plaintiff's arguments to the contrary, the motion currently before the court merely requests the court to revisit the facts and legal arguments for which the court dismissed his complaint twice before.[4] Although the court is delighted that plaintiff has sought assistance from other counsel in an effort to comply with the court's first order of dismissal dated November 30, 1998, an order in which the court carefully set forth the reasons for its decision and the precise defects plaintiff was required to remedy before resubmitting an amended complaint, it goes without saying that any such assistance should have been solicited *before* plaintiff submitted, and the court considered in its May 25, 1999 order, the complaint he filed and represented to the court as cured of the defects for which the November 30, 1998 dismissal was issued. Thus, plaintiff's assertion that his fourth amended complaint *now* complies with the court's two previous orders does not justify relief under Rule 60(b)(6); indeed, plaintiff's arguments in this regard are, at best, too little, too late.

In short, the court concludes that plaintiff has wholly failed to identify an "obvious error of law" or any other extraordinary circumstance for which he would be entitled to relief under Rule 60(b). Accordingly, plaintiff's motion for reconsideration is denied. His proper recourse, should he so desire, is an appeal.

### B. Motion to Certify or Adjudicate Remaining Claims

Also before the court is plaintiff's motion captioned "Motion for Fed.R.Civ.P. 54(b) Certification or Adjudication of Remaining Claims." Under Rule 54(b), where an action involves multiple claims or multiple parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties...." Fed. R.Civ.P. 54(b). Under the facts and circumstances of this case, the court finds no just reason for delay in the entry of a final judgment against those defendants who were properly served and not subject to the stay pending arbitration, and thus grants plaintiff's motion for certification under Rule 54(b). Accordingly, the court directs final judgment to be entered in favor of defendants Jay and Carmen Vermonty, Gershon Tannenbaum, and Hector Cruz.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to reconsider (doc. 69) is DENIED.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's motion (doc. 77) is GRANTED.

---

4. In what can best be characterized as an extremely "novel" argument, plaintiff states:

> To date the merits of this case have not been properly considered by the Court and defendants due to the fact, as the Court states: "the third amended complaint verges on a virtually incomprehensible document from which this court can barely determine the substance of plaintiff's claims." The law favors that the merits of the case be properly considered.

Pl. Mem. Supp. Mem. Recon. at 3. Thus, according to plaintiff, his own incomprehensible papers somehow justify this court's reconsideration of its order of dismissal. What this "argument" fails to consider, however, is that it is precisely *because* the court could not understand the substance, or even the overall "gist" of plaintiff's claims that his complaint was twice dismissed.